IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 18, 2007**

Charles R. Fulbruge III
Clerk

No. 06-20293
Summary Calendar

HUNTING ENERGY SERVICES LP

Plaintiff–Appellant

V.

INTER-MOUNTAIN PIPE & THREADING COMPANY

Defendant–Appellee

Appeal from the United States District Court
for the Southern District of Texas
No. 4:05-CV-1993

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

Hunting appeals the district court's judgment awarding attorneys' fees as sanctions, arguing that the district court abused its discretion in determining that Hunting's claims were "vexatious." We reverse.

I

The underlying dispute arose out of a contract between Hunting and Inter-Mountain for the sale of pipe. Questar, a Colorado oil company, ordered pipe

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

from Hunting. Hunting attempted to meet Questar's order by supplying some of its own pipe and by purchasing the remainder from Inter-Mountain.

The contract between Hunting and Inter-Mountain required, among other things, that the pipe have "mill markings" so that the pipe's origin could be identified. After Hunting accepted the pipe from Inter-Mountain and allowed a third-party to begin processing the pipe, Hunting discovered that the pipe did not appear to have the required mill markings. A representative was sent to the pipe's location to attempt to locate the mill markings, which had been covered in some instances by oxidation and varnish. Although the representative located the mill markings on some of the pipe, he did not locate the markings on all of the pipe because the pipe was stacked and not easily accessible.

Hunting began and continued to supervise work that was being performed on the pipe, but a subsequent third-party inspection revealed that eighty-six lengths of pipe apparently had no mill markings. Despite the apparent absence of mill markings, Hunting and Questar proceeded with their transaction. However, Questar ultimately terminated the contract when it became apparent that the pipe provided from Hunting's own stock did not meet Questar's specifications. Although Questar eventually purchased some of the pipe supplied by Inter-Mountain, Questar did not purchase eighty-six of the Inter-Mountain pipe joints.

After Inter-Mountain refused to accept return of the pipe, Hunting sold it on the market as scrap. Hunting then sued Inter-Mountain for breach of contract, breach of warranty, and violations of the Texas Deceptive Trade Practices-Consumer Protection Act (DTPA). Inter-Mountain removed the case to the Southern District of Texas.

At the close of Hunting's case, Inter-Mountain moved for "judgment on partial findings," arguing that Hunting had produced insufficient evidence to

support its claims. The district court granted the motion as to the DTPA claim, but denied the motion as to the breach of contract and breach of warranty claims. At the conclusion of the bench trial, the district court rendered a take-nothing judgment in favor of Inter-Mountain.

Inter-Mountain then filed a post-judgment motion seeking to recover court costs and attorney's fees, arguing that Hunting's claims were frivolous. The district court granted the motion after concluding that Hunting's claims were "vexatious" and brought for the improper purpose of having Inter-Mountain share in the loss of Hunting's failed transaction with Questar. Hunting appeals.

II

After appellate briefs were filed, Hunting filed a motion to supplement the record with the exhibits introduced at trial. Before Inter-Mountain had filed a response to Hunting's motion, this Court granted Hunting's motion to supplement the record. Inter-Mountain now moves for reconsideration of the order granting Hunting's motion to supplement, arguing that the materials submitted for supplementation do not constitute the certified supplemental record that is required by rule 10(e)(2) of the Federal Rules of Appellate Procedure.[1] This argument is without merit, however, because this Court has the authority to certify the supplemental record.[2]

Inter-Mountain also argues that it would be unfairly prejudiced by the supplementation because it prepared its brief without relying on the exhibits. Inter-Mountain specifically argues that the supplemented exhibits contain an e-mail that was not part of the original record, and that this e-mail negates

---

[1] FED. R. APP. P. 10(e)(2) provides: "If anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded: . . . (C) by the court of appeals." (emphasis added).

[2] Id.

Hunting's claim that "mill test reports" were a term of the contract between Hunting and Inter-Mountain. Inter-Mountain argues that if this exhibit is added to the record, Inter-Mountain will have to re-evaluate the arguments in its brief to take into account this new information. This argument is without merit for two reasons. First, Hunting's argument does not depend on whether "mill test reports" were part of the contract between Hunting and Inter-Mountain, so the information is irrelevant to the disposition of this appeal. Second, Inter-Mountain raised the largely irrelevant argument in its appellate brief by relying on information already contained in the record. We deny Inter-Mountain's motion to reconsider the supplementation of the record.

## III

The parties agree that the district court relied on its "inherent power" in assessing the attorneys' fees. A trial court has the inherent power to award fees when it finds that a litigant "has acted in bad faith, vexatiously, wantonly, or for oppressive reasons."[3] But this inherent power "must be exercised with restraint and discretion."[4] "[T]he inherent power is not a broad reservoir of power, ready at an imperial hand, but a limited source; an implied power squeezed from the need to make the court function."[5] While "[w]e review a district court's imposition of sanctions under its inherent power for abuse of discretion[,] . . . our review is not perfunctory."[6] "A court should invoke its inherent power to award

[3] Chambers v. NASCO, Inc., 501 U.S. 32, 45–46 (1991) (quotations omitted).

[4] Id. at 44.

[5] Id. at 42 (quotations omitted).

[6] Crowe v. Smith, 151 F.3d 217, 226 (5th Cir. 1998) (quotation omitted).

attorneys' fees only when it finds that 'fraud has been practiced upon it, or that the very temple of justice has been defiled.'"[7]

Hunting's claims cannot be said to defile the "very temple of justice," and there is no suggestion of fraud.  This is a contract dispute with disputed facts. The contract between Hunting and Inter-Mountain required that Inter-Mountain supply pipe with mill markings.  Although the parties offered conflicting evidence as to the existence of mill markings, Hunting provided at least some evidence that Inter-Mountain did not supply pipe with mill markings.

The district court ultimately found that even if there were a breach, Hunting had waived it by accepting and paying for the pipe that Inter-Mountain delivered.  Although Hunting has not appealed the district court's adverse judgment on the merits of its claim, the issue of whether Hunting waived the breach was not obvious, and Hunting presented evidence that it did not waive the breach.  One cannot say that Hunting's suit for breach of contract would defile "the very temple of justice."

The district court abused its discretion in awarding attorneys' fees of $38,918.50 as sanctions in this case.

Award REVERSED.  Motion DENIED.

---

[7] Boland Marine & Mfg. Co. v. Rihner, 41 F.3d 997, 1005 (5th Cir. 1995) (quoting Chambers, 501 U.S. at 46).